IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID L. MCGUIRE, JR., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:18-CV-140 (MTT) |
| BRAD WHITE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends (1) granting Defendants Brad White, Leslie Holmes, and Ron Buchanan's (collectively, "the Defendants") motion to dismiss Plaintiff David McGuire's 42 U.S.C. § 1983 claim that the Defendants were deliberately indifferent to his serious medical needs (Doc. 27) and (2) denying McGuire's motion to have access to the library (Doc. 24).[1] Doc. 31. The Magistrate Judge dismissed McGuire's claim because McGuire, pursuant to the Prison Litigation Reform Act ("PLRA"), failed to exhaust his administrative remedies by not specifically stating in his prison grievances that he needed a different type of insulin. *Id.* McGuire has not objected to the Recommendation. The Court has reviewed the Recommendation for clear error pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of

---
[1] It is unclear if McGuire was a convicted prisoner or pretrial detainee during his incarceration at the Lamar County Detention Center. Regardless, the due process analysis for pretrial detainees is the same as that for prisoners under the Eighth Amendment. *Dang v. Sheriff, Seminole Cty.*, 871 F.3d 1272, 1279 (11th Cir. 2017).

Civil Procedure 72.  For the following reasons, the Recommendation (Doc. 31) is **ADOPTED as modified**.

## I.  BACKGROUND[2]

McGuire has brought Eighth Amendment claims against the Defendants for deliberate indifference to his serious medical needs.  Doc. 14.  Specifically, he alleges that the medical staff at the Lamar County Detention Center ("LCDC") changed his insulin for his diabetes, and as a result, he suffered from irregular blood sugars.  *Id.* at 2.  Specifically, McGuire alleges co-Defendant Dr. Worbel changed his insulin to one that was cheaper.  *Id.*  His injuries included "anxiety, chills, difficulty with thinking, dizziness, drowsiness, excessive hunger, headache, fast heartbeat, nausea, nervousness, [and] tingling in hands, feet, lips, and tongue" caused by his irregular blood sugars.  *Id.*  McGuire states that "Buchanan, White, [and] Holmes were aware of the problems I was having with Dr. Worbel and his staff because I wrote grievances to all of them about Dr. Worbel's inadequate healthcare."  *Id.* at 3.  The Defendants subsequently moved to dismiss McGuire's claims for (1) failing to exhaust his administrative remedies and (2) failing to allege these Defendants caused a physical injury, as required by the PLRA.[3]  Doc. 27.  The Magistrate Judge recommends dismissing McGuire's claims for failing to exhaust his administrative remedies.

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted).

[3] A motion to dismiss was not filed by Defendant Worbel.

## II. MOTION TO DISMISS

### A. Failure to Exhaust

The Defendants first argue that McGuire's complaint should be dismissed for failure to exhaust his administrative remedies. Doc. 27-2 at 5. Specifically, they argue that McGuire (1) did not "fully describe the factual basis and circumstances of the alleged incident or situation" in his grievance as required by LCDC's grievance procedure; (2) did not name the Defendants in his grievance to put them on notice; and (3) did not complete the grievance appeals process. *Id.* at 5-8. The Magistrate Judge recommends dismissing McGuire's claims against the Defendants based on the first argument alone because McGuire's filed grievances did not "include a specific complaint" as required by LCDC's grievance procedure. Doc. 31 at 4-7.

The PLRA requires prisoners to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). When a state jail provides a grievance procedure, as LCDC does here, an inmate "alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quotation marks and citation omitted). To properly exhaust, an inmate must use all available remedies and comply with procedural rules and deadlines of the applicable state grievance system. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008). Defendants bear the burden of proving that the prisoner failed to exhaust his administrative remedies. *Turner v. Burnside*, 541 F.3d

1077, 1082 (11th Cir. 2008). Unexhausted claims must be dismissed.[4]  *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Id.*  Courts first look to the defendant's factual allegations in the motion to dismiss and the plaintiff's factual allegations in his response.  *Id.*  If those facts conflict, the court should take the plaintiff's version of the facts as true, and if the defendant is entitled to dismissal based on those facts, then the complaint should be dismissed.  *Id.*  If the defendant is not entitled to dismissal based on those facts, then the defendant bears the burden of proof in establishing facts that entitle the defendant to dismissal.  *Id.*  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Bryant*, 530 F.3d at 1374 (quotation marks and citation omitted).

McGuire's and the Defendants' versions of the facts regarding what is stated in the grievances do not conflict.  *See generally* Docs. 27-2; 30.  Rather, the Defendants argue that McGuire's grievances do not "fully describe the factual basis and circumstances of the alleged incident or situation" as required by LCDC's grievance procedure because his grievances do not specifically say that he needed a different type of diabetes medication.  Docs. 27-1 at 10; 27-2 at 5-6.  Instead, McGuire's grievances state that his "diabetic neuropathy is not getting better," the medical staff

---

[4] Exhaustion is not a jurisdictional defense, but according to the Eleventh Circuit, it is similar to a jurisdictional defense in that it "is a matter of abatement, and ordinarily does not deal with the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (quotation marks and citations omitted).  Therefore, exhaustion may be considered in a motion to dismiss, and "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  *Id.* at 1376 (citations omitted).

was "not doing anything about [his poor condition]," he felt "weak" and "light headed" due to his poor diet, and he had low blood sugars. Doc. 27-1 at 12-16, 19-21, 23.

The Defendants' argument is unconvincing. Although "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," *Jones v. Bock*, 549 U.S. 199, 218 (2007), a plaintiff is not required to provide that level of detail when complaining about medical treatment. Prisoners are not medical experts, and they need not diagnose or prescribe their medical issue in the grievances they file.

The Defendants also argue that McGuire's grievances "did nothing to alert the Sheriff's Office to the Plaintiff's contentions about misconduct by Defendant White, Holmes or Buchanan." Doc. 27-2 at 6-7. Specifically, the Defendants argue that McGuire's grievances should have listed the names of the Defendants. *Id.* That argument is without merit. As stated by the Magistrate Judge, a grievance is sufficient so long as it alerts jail officials of the problem and gives them an opportunity to resolve it, but a prisoner need not "name any particular defendant in a grievance to properly exhaust his claim." Doc. 31 at 6 (citing *Parzyck v. Prison Health Servs. Inc.*, 627 F.3d 1215, 1218-19 (11th Cir. 2010)).

The Defendants' third argument regarding McGuire's failure to appeal his grievances does, however, raise a conflict. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. The Defendants argue, without citing any evidence, that McGuire filed only one appeal of his grievances relating to his diabetes. Doc. 27-2 at 7. However, McGuire states in his response to the Defendants' motion that he completed the appeals process. Doc. 30.

The affidavit of Defendant Buchanan, who is LCDC's record custodian, states only the grievances filed by McGuire are attached; it does not state that McGuire did not file any appeals. Doc. 27-1 at 2-3. Furthermore, Buchanan's affidavit and the attached inmate handbook do not state whether inmates can appeal denials of their grievances or how the appeals process is completed. *Id.* at 1-3, 5-10. As previously discussed, the Defendants bear the burden of proof in establishing facts entitling them to dismissal. *Turner*, 541 F.3d at 1082. Thus, the Court must accept McGuire's version of the facts relating to his completion of the appeals process as true because the Defendants have not established that McGuire failed to exhaust the grievance process at LCDC. Accordingly, the Defendants' motion to dismiss for McGuire's failure to exhaust his administrative remedies (Doc. 27) is **DENIED**.

### B. Failure to Allege a Physical Injury

The Defendants also argue that McGuire's claims must be dismissed because he has failed to allege (1) a physical injury (2) caused by the Defendants, as required by the PLRA. *See* Doc. 27-2 at 8-10 (citing 42 U.S.C. § 1997e(e)). The Defendants first argue that McGuire's "switch in medication with no alleged harmful physical effect alleges only a 'de minimis' injury, if that." *Id.* at 8-9 (citations omitted). That argument is without merit. To allege an injury, the PLRA requires dismissal for lack of an allegation of a physical injury sufficient to exceed the *de minimis* injury threshold. 42 U.S.C. § 1997e(e). "[G]reater than *de minimis* has not been clearly defined," but the injury "need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000). Although the Eleventh Circuit has not decided this particular issue in a published

opinion, it has decided in an unpublished opinion, along with district courts within this Circuit, that irregular blood sugars that cause an injury, such as headaches, dizziness, numbness, and fainting, are considered physical injuries meeting the *de minimis* threshold. *E.g.*, *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 556 (11th Cir. 2014); *Merritt v. Godfrey*, 2015 WL 5439306, at *7 (N.D. Fla. 2015). McGuire alleged that his injuries, caused by irregular blood sugars, included "anxiety, chills, difficulty with thinking, dizziness, drowsiness, excessive hunger, headache, fast heartbeat, nausea, nervousness, [and] tingling in hands, feet, lips, and tongue." Doc. 14 at 2. McGuire thus sufficiently pleaded a physical injury under the PLRA.

The Defendants also argue, without citing any law, that McGuire failed to allege causation between their indifference and his injury:

> Additionally, Plaintiff does not allege any physical injury as a result of alleged conduct *by Defendants White, Holmes or Buchanan*, who are law enforcement officers rather than medical officials. These Defendants had no authority to prescribe medications, and Plaintiff's complaint fundamentally is about his prescription medications.

Doc. 27-2 at 9 (emphasis in original). To the extent the Defendants argue that they must have allegedly caused the *physical injury* to satisfy the PLRA's physical injury requirement, that argument is without merit. Having sufficiently alleged a physical injury, the physical injury requirement is met as to all Defendants.

However, to the extent that the Defendants, perhaps inartfully, argue there is no allegation that they caused any injury, the Court agrees that McGuire has failed to sufficiently plead a § 1983 claim. McGuire's only claim is that Dr. Worbel changed his medication and, as a result, his diabetic condition worsened, and he suffered numerous ill side effects. Doc. 14 at 2. McGuire seeks to hold the Defendants, who are not

alleged to be on the medical staff, liable solely because they "were aware of the problems [he] was having with Dr. Worbel and his staff because [McGuire] wrote grievances to all of them about Dr. Worbel's inadequate healthcare." *Id.* at 5.  Even construed liberally,[5] this is not enough to hold these Defendants liable for Dr. Worbel's change in McGuire's medication.

"[A]s with any tort claim, [McGuire] must show that the injury was caused by the defendant's wrongful conduct."  *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (quotation marks and citation omitted).  McGuire has not alleged the Defendants caused him any injury.  There is no allegation that they had any control over what medication Dr. Worbel prescribed.  Nor is there any allegation they in any way prevented McGuire from receiving medical care or caused any delay in receiving medical care.  To the contrary, McGuire states he was seen regularly by a nurse practitioner and spoke "daily" with a nurse at LCDC.  Doc. 14 at 3.  In short, neither McGuire's complaint, supplemental complaint, or his response to the Defendants' motion to dismiss allege in any way these Defendants had any causal connection to McGuire's alleged injuries.  *Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1234 (11th Cir. 2010) (stating that a plaintiff alleging deliberate indifference "must also show that those Defendants' conduct caused [the] injuries"); *Goebert*, 510 F.3d at 1326.  Accordingly, the Defendants' motion to dismiss for failing to allege causation (Doc. 27) is **GRANTED**.

---

[5] Documents written by *pro se* prisoners are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (quotation marks and citations omitted)).

### III. MOTION FOR ACCESS TO LIBRARY

The Magistrate Judge recommends denying McGuire's motion to have access to the library (Doc. 24).[6] Doc. 31 at 8. McGuire has not objected to the Recommendation. The Court has reviewed this portion of the Recommendation, and the Court accepts and adopts the findings, conclusions, and this portion of the Recommendation of the Magistrate Judge. The Recommendation denying McGuire's motion to have access to the library is **ADOPTED** and made the order of this Court. Accordingly, McGuire's motion (Doc. 24) is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Recommendation (Doc. 31) is **ADOPTED as modified**. The Defendants' motion to dismiss (Doc. 27) is **GRANTED**, and McGuire's claims against Defendants White, Holmes, and Buchanan are **DISMISSED without prejudice**. McGuire's motion to have access to the library (Doc. 24) is **DENIED**.

**SO ORDERED,** this 3rd day of September, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[6] Although the Court is not required to review the Magistrate Judge's order on this motion, it does so out of an abundance of caution. *See* 28 U.S.C. § 636(b)(1) (stating that magistrate judges may determine pretrial matters except those that are dispositive of the case).