# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID L. MCGUIRE, JR., | : |
| Plaintiff, | : |
| v. | : NO. 5:18-CV-00140-MTT-MSH |
| PETER WROBEL, | : |
| Defendant. | : |

## ORDER

Pending before the Court is Plaintiff's Motion to Overturn Order (ECF No. 50), which the Court construes as a motion for reconsideration of its Order (ECF No. 45) rejecting as untimely his objections to the Magistrate Judge's Recommendation (ECF No. 39). For the reasons stated below, Plaintiff's motion is denied.

On September 30, 2019, the Magistrate Judge filed a Recommendation that Defendant Peter Wrobel be granted summary judgment. R. & R. 1, ECF No. 39. Plaintiff was given an extension through and including October 29, 2019, to file objections. Text-Only Order, ECF No. 41. The Court did not receive Plaintiff's objections until November 8, 2019. Pl.'s Objs. to R. & R., ECF No. 44. On November 7, 2019, the Court adopted the Magistrate Judge's Recommendation, granted Defendant summary judgment, and dismissed Plaintiff's claims with prejudice. Order, ECF No. 42. On November 18, 2019, the Court found Plaintiff's objections to be untimely and ordered that they would not be considered by the Court. Order, ECF No. 45. On December 23, 2019, the Court received Plaintiff's motion asking the Court to "over turn" its order and contending his objections were timely under the prison mailbox rule. Pl.'s Mot. to Overturn, ECF No. 50.

"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on

the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* Plaintiff's objections, however, were not dated, and the envelope in which they were received was postmarked November 5, 2019—four days after his deadline for filing objections.[1] Pl.'s Objs. to R. & R Attach. 1, ECF No. 44-1. Plaintiff has offered no evidence that he timely provided his objections to prison authorities for mailing.

Further, Plaintiff's motion is itself untimely. Motions for reconsideration must be filed within fourteen days after entry of an order. M.D. Ga. L. R. 7.6. The Court entered its Order (ECF No. 45) finding Plaintiff's objections untimely on November 18, 2019. Plaintiff's motion (ECF No. 50), however, was not received until December 23, 2019—eighteen days after the deadline for filing a motion for reconsideration. Like his objections, Plaintiff's motion is not dated, and the postmark on the envelope is illegible. Pl.'s Mot. to Overturn Order Attach. 1, ECF No. 50-1.

Additionally, as stated in the Court's previous order, "[e]ven if the Court were to consider the objection, it contains only the same facts that the Court and Magistrate Judge relied upon in their respective Order and Recommendation." Order, ECF No. 45. Plaintiff's Motion to Overturn (ECF No. 50) is, therefore, **DENIED**.

**SO ORDERED**, this 20th day of February, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] As the Court's Order granting Plaintiff additional time to file objections was served by mail, he was given an additional three days—until November 1, 2019—to file objections. Fed. R. Civ. P. 6(d).