# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID L. MCGUIRE, JR., | : |
| Plaintiff, | : |
| v. | : |
| | : NO. 5:18-CV-00140-MTT-MSH |
| PETER WROBEL, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court are two documents filed by *pro se* Plaintiff David L. McGuire that have been docketed as motions for reconsideration (ECF Nos. 53, 54). For the following reasons, the Court **DENIES** both of Plaintiff's motions (ECF Nos. 53, 54).

Plaintiff first seeks "reconsideration for not paying fees." Mot. Recons. 1, Mar. 2, 2020, ECF No. 53. The Court of Appeals previously dismissed Plaintiff's appeal because Plaintiff "failed to pay the filing and docketing fees (or file a motion in the district court for relief from the obligation to pay in advance the full fee) to the district court within the time fixed by the rules, effective January 09, 2020." Order 1, Jan. 10, 2020, ECF No. 51. In his motion for reconsideration, Plaintiff states that he "did file [his] motion in district court for relief from obligation to pay in advance." Mot. Recons. 1, Mar. 2, 2020, ECF No. 53. Although Plaintiff was permitted to proceed *in forma pauperis* for purposes of filing his Complaint in this Court, Federal Rule of Appellate Procedure 24(a)(1) requires that a "party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court" (emphasis added). Plaintiff

failed to do so. The Court, however, will liberally construe Plaintiff's first motion for reconsideration as a motion to appeal *in forma pauperis* in accordance with Federal Rule of Appellate Procedure 24.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis,

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal.

of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff does not appear to have submitted a statement of the issues he intends to appeal, as required under Federal Rule of Appellate Procedure 24(a)(1)(C), this Court's independent review of the issues addressed in the United States Magistrate Judge's recommendation and the Court's order adopting the same demonstrates that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). The appeal, therefore, is not brought in good faith. Plaintiff has raised no issues with arguable merit. Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 53) is accordingly **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is

**DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

Plaintiff's second pending motion requests that the Court reconsider "the reconsideration of order 140 50" and requests a copy of various prison logs so the Court can reference dates contained therein. Mot. Recons. 1, Mar. 5, 2020, ECF No. 54. The Court construes this motion as one seeking reconsideration of the Court's February 20, 2020 order denying reconsideration of its order rejecting Plaintiff's untimely objections (ECF No. 52). This Court's Local Rules provide that "parties shall not file motions to reconsider the court's denial or grant of a prior motion for reconsideration."[2] M.D. Ga. R. 7.6. Because Plaintiff's pending motion for reconsideration (ECF No. 54) violates this rule, it is **DENIED.**

**SO ORDERED**, this 10th day of March, 2020.

                                     s/ Marc T. Treadwell
                                     MARC T. TREADWELL. JUDGE
                                     UNITED STATES DISTRICT COURT

---

[2] Even if the Court were to consider the motion, it contains only the same facts that the Court and Magistrate Judge relied upon in their respective Orders and Recommendation. *Compare* Docs. 39; 42; 45; 52 *with* Doc. 54.